UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
: 
AXIOM INVESTMENT ADVISORS, :
LLC, by and through its Trustee, Gildor :
Management LLC, :
 :
               Plaintiff, :
 :
    v. :   Case No. 15-cv-9323-LGS
 :
BARCLAYS BANK PLC and :
BARCLAYS CAPITAL, INC., :
 :
               Defendants. :
 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, AND APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVE FOR THE SETTLEMENT CLASS**

WHEREAS, the above-captioned action (the "Action") is pending before this Court;

WHEREAS, plaintiff Axiom Investment Advisors LLC, by and through its Trustee, Gildor Management LLC, ("Plaintiff") has entered into and executed a Stipulation and Agreement of Settlement with Barclays Bank PLC and Barclays Capital Inc. (collectively, "Settling Defendants," and together with Plaintiff, the "Settling Parties"), which, if finally approved by the Court, will result in the settlement of all claims against Settling Defendants;

WHEREAS, in full and final settlement of the claims asserted against them in this Action, Settling Defendants have agreed to pay $50,000,000 (the "Settlement Funds"), and to provide reasonable confirmatory discovery and cooperation in the continued prosecution of the Action as set forth in the Settlement Agreement (the "Discovery Provisions");

WHEREAS, Plaintiff, having made application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Stipulation and Agreement of Settlement with Barclays Bank PLC and Barclays Capital Inc. ("Settlement Agreement"), which sets forth the terms and conditions of the settlement of the Action against Settling Defendants and for dismissal of the Action with prejudice upon the terms and conditions set forth in the Settlement Agreement;

WHEREAS, Plaintiff has sought, and Settling Defendants have agreed not to object to, the certification of the Settlement Class (as defined below) solely for settlement purposes;

WHEREAS, Plaintiff's Counsel have requested that they be appointed as settlement class counsel for the Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

WHEREAS, Plaintiff has requested that it be appointed class representative of the Class;

WHEREAS, the Settling Parties have agreed to the entry of this Preliminary Approval Order (the "Order");

WHEREAS, the Court has considered the Settlement Agreement and other documents submitted in connection with Plaintiff's Motion for Preliminary Approval of Settlement and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All terms in capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

## I. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

2. Upon review of the record, the Court finds that the Settlement Agreement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval. Therefore, the Settlement Agreement is hereby

preliminarily approved, subject to further consideration thereof at the Fairness Hearing described below.  The Court preliminarily finds that the settlement encompassed by the Settlement Agreement raises no obvious reasons to doubt its fairness and raises a reasonable basis for presuming that the Settlement Agreement satisfies the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlement Agreement should be given as provided in this Order.

## II.   CERTIFICATION OF THE SETTLEMENT CLASSES

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the settlement set forth in the Settlement Agreement, the following "Class":

> all persons to whom, between June 1, 2008 and the date of preliminary approval of the settlement, Last Look (or any other conduct the subject of a Released Claim) applied and who were either (i) domiciled in the United States, or (ii) domiciled outside the United States and had an order or trade either in or over BARX (whether placed directly or indirectly via an ECN, or via any other connection to BARX) that used a Barclays server in the United States. Specifically excluded from this Class are Barclays and any Platform; the officers, directors, or employees of Barclays or a Platform; any entity in which Barclays or a Platform have a controlling interest; any affiliate, legal representative, heir, or assign of Barclays or a Platform and any person acting on their behalf.  Also excluded from this Class are any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

4. Solely for purposes of the settlement set forth in the Settlement Agreement, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as follows: (a) the members of the Class are so numerous that joinder of all Class members in the Action is impracticable; (b) there are questions of law and fact common to the Class and these common questions predominate over any individual

questions; (c) the claims of Plaintiff are typical of the claims of the Class; (d) Plaintiff and Plaintiff's Counsel have fairly and adequately represented and protected the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

5.      If the Effective Date does not occur with respect to the Settlement Agreement because of the failure of a condition that affects the Settlement Agreement, this conditional certification of the Class for settlement purposes shall be deemed null and void without the need for further action by the Court or any of the Settling Parties.  In such circumstances, each of the Settling Parties shall retain its rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

### III.    CLASS COUNSEL AND CLASS REPRESENTATIVE

6.      Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the following counsel are designated as settlement class counsel for the Settlement Class ("Settlement Class Counsel"):

    Christopher M. Burke
    Scott+Scott, Attorneys at Law, LLP
    707 Broadway, Suite 1000
    San Diego, CA 92101

> George Zelcs
> Korein Tillery LLC
> 205 North Michigan Avenue, Suite 1950
> Chicago, IL 60601

7.  Plaintiff will serve as class representative on behalf of the Class.

## IV. PLAN OF DISTRIBUTION, CLASS NOTICE, AND FAIRNESS HEARING

8.  At a later date, Settlement Class Counsel shall submit for the Court's approval a proposed Plan of Distribution of the Settlement Funds.

9.  At a later date, Plaintiff's Counsel shall submit for the Court's approval a notice plan for purposes of advising members of the Class, among other things, of their right to object to the Settlement Agreement, their right to exclude themselves from the Class, the procedure for submitting a request for exclusion, the time, date, and location of the Fairness Hearing, and their right to appear at the Fairness Hearing.

## V. OTHER PROVISIONS

10. The Court approves Settlement Class Counsel's designation of The Garden City Group as Claims Administrator. Absent further order of the Court, the Claims Administrator shall have such duties and responsibilities as are set forth in the Settlement Agreement.

11. The Court approves Settlement Class Counsel's designation of Huntington National Bank as Escrow Agent. Absent further order of the Court, the Escrow Agent shall have such duties and responsibilities in such capacity as are set forth in the Settlement Agreement.

12. The Court approves the establishment of an escrow account under the Settlement Agreement as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code §468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSFs.

13. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

14. All reasonable expenses incurred in identifying and notifying potential Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement. In the event the Court does not approve the settlement set forth in the Settlement Agreement, or if the Settlement Agreement otherwise fails to become effective, neither Plaintiff nor any of its counsel shall have any obligation to repay any amounts actually and *bona fide* incurred or disbursed pursuant to paragraph 10(b) of the Settlement Agreement.

15. If the settlement set forth in the Settlement Agreement is terminated pursuant to its terms, then the Settlement Agreement (including any amendment(s) thereto) and this Order shall be null and void, of no further force or effect, and without prejudice to any of the Settling Parties, and may not be introduced as evidence or referred to in any actions or proceedings by any Person, and each Settling Party shall be restored to its respective position as it existed prior to the execution of the Settlement Agreement.

16. Except as otherwise provided herein, in the event that the Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Settling Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and any portion of the Settlement Fund previously paid by or on behalf of Settling Defendants, together with any interest earned thereon (and, if applicable, re-payment of any Fee

and Expense Award referred to in paragraph 9(a) of such Settlement Agreement), less Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund (not to exceed $350,000, as set forth in the Settlement Agreement, without the prior approval of the Court) shall be returned to Settling Defendants within ten (10) business days from the date of the event causing such termination. At the request of Barclays' Counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to Settling Defendants.

17.     Neither Settling Defendants, nor any of its counsel, nor any of the Released Parties (as defined in the Settlement Agreement) shall have any responsibility for, or liability whatsoever with respect to the notice procedures; the investment, administration, or distribution of the Settlement Fund; the Plan of Distribution; the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund or any funds held by the Escrow Agent; the payment or withholding of Taxes; any losses incurred in connection therewith; any application for attorneys' fees, service awards or expenses submitted by Plaintiff or counsel for Plaintiff; or any allocation of the Fee and Expense Award by Plaintiff's Counsel.  Any such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement set forth in the Settlement Agreement.

18.     At or after the Fairness Hearing, the Court shall determine whether the Settlement Agreement, the proposed Plan of Distribution, any application for a service award, and any application for attorneys' fees and/or expenses by counsel for Plaintiff should be finally approved.

19.     Settling Defendants have denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action, and as such, neither the Settlement Agreement, nor

7

any of its respective terms or provisions, nor any of the negotiations or proceedings connected with the Settlement Agreement shall be construed as an admission or concession of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind by Settling Defendants.

20. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the settlement set forth in the Settlement Agreement or comply with the terms thereof.  Pending final determination of whether the settlement set forth in the Settlement Agreement should be approved, Plaintiff and each member of the Class, either directly, representatively, or in any other capacity, shall be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties, and agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

21. All Class Members shall be bound by all determinations and judgments in the Action concerning the settlement set forth in the Settlement Agreement, whether favorable or unfavorable to the Class.

22. Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  Any Class Member who does not enter an appearance will be represented by Settlement Class Counsel.

IT IS SO ORDERED.

DATED: _____, 2016     _____
                                   HON. LORNA G. SCHOFIELD
                                   UNITED STATES DISTRICT JUDGE